PER CURIAM.*
Larry Michael Moore, age sixteen, was charged in the juvenile court with three counts of aggravated kidnapping in violation of La.R.S. 14:44 and one count of armed robbery in violation of La.R.S. 14:64. The offenses were alleged to have been committed on July 17, 1979. Pursuant to La.R.S. 13:1571.1, the state sought to transfer Moore to the district (adult) court.
After a hearing, the juvenile court judge ordered the case transferred to the district court. Upon Moore’s application to this court, we granted a writ of certiorari under our general supervisory jurisdiction to consider the contention that the 1978 amendment [1] to the juvenile transfer act rendered the transfer procedure unconstitutional.[2]
In State of Louisiana In the Interest of Erin A. Hunter, No. 65,512 (La., March 3, 1980), this court found Act No. 460 of 1978, which amended and reenacted La.R.S. 13:1571.1, unconstitutional. In Hunter, we further held that passage of this unconstitutional act (Act No. 460 of 1978) did not effect repeal of the former statute. Therefore, the juvenile transfer proceedings in this case (as those in Hunter) are governed by the provisions of La.R.S. 13:1571.1 as it existed prior to the passage of Act No. 460 of 1978. Hence, the juvenile court’s decision transferring this case to the district court must be reversed in view of Hunter and the case remanded to the juvenile court for a new transfer hearing under the provisions of La.R.S. 13:1571.1 as it existed prior to the passage of Act No. 460 of 1978.
DECREE
For the reasons assigned, the order of the juvenile court is reversed and the case is remanded to the juvenile court for further proceedings in accordance with law.

 Chief Judge PAUL B. LANDRY', retired, participated in this decision as an Associate Justice Ad Hoc.

. La. Acts 1978, No. 460, § 1.

. 377 So.2d 1037 (La. 1979).